IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDCO PLASTICS, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALLYNCE, INC., a California corporation; CASSANDRA SAMANO, an individual; RALPH DUDLEY, an individual; DISPENSING DYNAMICS INTERNATIONAL, a California corporation, previously known as PERRIN MANUFACTURING COMPANY; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. SACV12-1168 JVS (JPRx)<br><br>**ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |

PURSUANT to stipulation of the parties it is hereby

ORDERED, ADJUDGED AND DECREED that Plaintiff EDCO PLASTICS, INC., a

California corporation ("EDCO"), by and through its attorneys, and Defendants

ALLYNCE, INC., a California corporation; CASSANDRA SAMANO, an individual; RALPH

DUDLEY, an individual (collectively, ALLYNCE, INC. CASSANDRA SAMANO, and

RALPH DUDLEY are referred to herein as "ALLYNCE"); DISPENSING DYNAMICS

INTERNATIONAL ("DDI"), a California corporation, previously known as PERRIN

MANUFACTURING COMPANY, by and through their attorneys, in order to protect the

1  disclosure of commercially sensitive information, including confidential information, trade

2  secrets and proprietary information, based on stipulation of the parties to this action by

3  and through their attorneys of record, stipulated as follows:

4

5                           **Good Cause Statement**

6         The parties to this case are former and/or present competitors in the business of

7  making, marketing and selling license plate frames.   Because of the parties' status as

8  former and/or present competitors, confidential business information such as sales data,

9  customer lists, cost-of-goods sold, pricing, manufacturing agreements, information and

10 materials that qualify as trade secrets under California Civil Code § 3426.1, and other,

11 similar information must necessarily be protected from disclosure to opposing parties

12 and/or other competitors in the market, so as to avoid significant competitive harm.

13        The threshold issues in the first amended complaint center on the whether or not

14 Plaintiff EDCO owns a valid patent, whether or not any such patent rights have been

15 infringed by Defendant ALLYNCE, whether there was an invalidating disclosure or sale of

16 the patented product more than one year before the application date for the patent-in-

17 suit, and whether Defendant DDI made actionally false representations and warranties to

18 the USPTO during patent prosecution and/or to EDCO in connection with the sale of

19 certain assets to EDCO in 2009.

20        Resolution of these issues and the associated damages analysis will likely require

21 evidence of sales information, cost information, any marketing information or research,

22 and customer lists, at a minimum, to be disclosed, at minimum, to opposing counsel.

23 This proposed Order is geared towards allowing resolution of the factual and legal issues

24 without imposing undue competitive harm on the parties.

25        Federal Rule of Civil Procedure Rule 26(c)(1)(G) permits the grant of a protective

26 order upon a showing of good cause, and provides that the protection of a trade secret or

27 other confidential commercial information is a proper basis for the issuance of a

28 protective order.  The party seeking such an order must demonstrate a particular and

-2-
ORDER GOVERNING DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

1  specific need for the protective order.  <u>Gray v. Rodewald</u>, 133 F.R.D. 39, 40 (N.D. Cal.
2  1990).

3        A protective order that focuses on preventing disclosure of particular information,
4  e.g. confidential business information, where disclosure would "likely cause serious
5  harm," is supported by good cause.  <u>Hayden v. Siemens Medical Systems, Inc.</u>, 106
6  F.R.D. 551, 556, (S.D.N.Y. 1985).  To support a showing of good cause, however, a
7  protective order must be sufficiently tailored in the information it seeks to protect, e.g. by
8  designating certain classes or types of information.  <u>Id</u>.

9        A "blanket" protective order, as opposed to a broader "umbrella" protective order,
10  "permits the parties to protect documents that they in good faith believe contain trade
11  secrets or other confidential commercial information.  Such protective orders are routinely
12  agreed to by the parties and approved by the courts in commercial litigation, especially in
13  cases between direct competitors."  <u>Bayer AG and Miles Inc. v. Barr Laboratories, Inc.</u>,
14  162 F.R.D. 456, 465, (S.D.N.Y. 1995).

15        The parties' proposed protective order was drafted specifically to protect the
16  disclosure of each party's commercially sensitive sales information and other confidential
17  business information, as set forth above and below.  Confidential information under this
18  agreement is specifically defined below.  Such information, under the proposed protective
19  order, may be designated CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES
20  ONLY, and is open to challenge by either party, any third party, or the public.

21        Based on the foregoing demonstration of good cause in support of the parties'
22  Stipulated Protective Order, this Order should be granted by the Court to protect the
23  parties' confidential business information.

24        **Statement Re: Order Governing the Designation and Handling of**
25                          **Confidential Materials**
26        This Stipulation for Order Governing the Designation and Handling of Confidential
27  Materials and Order ("Order") shall govern the use of information designated Confidential
28

or Confidential – Attorneys' Eyes Only that is produced during discovery in this proceeding *(Edco Plastics v. Allynce, Inc.,* U.S.D.C., Central District of California, Case No. SACV12-1168 JVS (JPRx)).  For purposes of this Order, the party designating information, documents, deposition testimony, affidavits, materials or items as Confidential or Confidential – Attorneys' Eyes Only bears the burden of establishing the confidentiality of all such information, documents, materials or items.  PROVIDED THAT nothing contained in this Order shall affect other parties or entities who are NOT signatories to this Order (except that other parties or entities served with a subpoena by one of the parties to this case may operate under the auspices of this Order).  Until and unless such other parties or entities execute a similar order, no documents required by such other parties or entities to be maintained as Confidential or Confidential – Attorneys' Eyes Only shall be disclosed.

1.      For the purposes of this Order, "Confidential" information means the following types of documents and information:

        (a)      information that constitutes a trade secret in accordance with California Civil Code §3426.1;

        (b)      non-public communications with regulators or governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

        (c)      information, materials, customer lists, prospective customer lists, product information, sales information, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

        (d)      any other documents or materials which a party determines in good faith should be designated as Confidential according to applicable law.

2.      Confidential documents shall be so designated by stamping copies of the document produced to a party with one of the following legends:

"CONFIDENTIAL – SUBJECT TO ORDER GOVERNING THE DESIGNATION AND

HANDLING OF CONFIDENTIAL MATERIALS" or "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or, "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture drawing, graph or other communication or depiction in the document.  Confidential or Confidential – Attorneys' Eyes Only Material not reduced to paper, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential or Confidential – Attorneys' Eyes Only Material.  The designation of any multi-page documents as Confidential or Confidential – Attorneys' Eyes Only Material may be accomplished by marking the first page of the document.  All copies, prints or other productions, summaries, notes, synopses or any other memorialization of Confidential or Confidential – Attorneys' Eyes Only Material, or the information contained therein, shall be deemed Confidential or Confidential – Attorneys' Eyes Only material subject to this Stipulation. Confidential or Confidential – Attorneys' Eyes Only Material which is set forth, summarized, or otherwise referenced in transcripts, depositions, affidavits, exhibits, briefs, memoranda, discovery responses, or other documents or pleadings in this matter, shall likewise be deemed Confidential or Confidential – Attorneys' Eyes Only Material subject to this Stipulation.  However, only those portions of a document or other item that are confidential should be so designated.  This order does not authorize blanket designations or otherwise indiscriminate designations of documents or things that are only partially confidential.

3.      The designation of any material as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order shall constitute the verification of counsel for the producing party that the material constitutes Confidential or Confidential – Attorneys' Eyes Only information as defined in paragraph 1 of this Order.

4.      Material, including documents, testimony, affidavits, diagrams, photographs, digital images and video, and other information, designated by a party or non-party or their

counsel ('Designating Party") as Confidential under this Order (hereinafter "Confidential or Confidential – Attorneys' Eyes Only Material") shall be used by persons receiving it only for the purposes of the litigation or settlement of this action. Nothing herein shall restrict or preclude any Producing Party from disclosing its own Confidential or Confidential – Attorneys' Eyes Only Material to any person or entity without regard to the provisions of this Order.  Confidential or Confidential – Attorneys' Eyes Only Material may not be used for any other purposes except as agreed to in writing by the parties or as ordered by the Court; provided, that all parties reserve their respective rights to request an order from the Court in accordance with applicable law that any Confidential or Confidential – Attorneys' Eyes Only Material may be used for purposes of related actions.

5.     "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information and items include, but are not necessarily limited to, sales data, customer lists, cost-of-goods sold, pricing, market research, and manufacturing agreements, information and materials that qualify as trade secrets under California Civil Code § 3426.1, and other similar information and items.

6.     Confidential Material produced pursuant to this Order may be disclosed or made available only to the following persons (hereinafter "Qualified Persons"):

     (a)     the parties to this action or an officer, director, agent, house counsel, or employee of a "party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;"

     (b)     counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

(c)     the Court and any person employed or retained by the Court whose duties require access to Confidential Material;

(d)     stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

(e)     any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

(f)     actual and/or potential trial or deposition witnesses, where Counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses (after the witnesses execute Attachment "A"):

ATTACHMENT "A"
CONFIDENTIALITY AGREEMENT

Case Name: *Edco Plastics, Inc. v. Allynce, Inc.*

Case Number: U.S.D.C., Central District of California, Case No. SACV12-1168 JVS (JPRx)

1.     I, _____, have read and understand the Stipulation for Order Governing the Designation and Handling of Confidential Materials and Order (the "Order") in this action, dated _____, and agree to be bound by its terms.

2.     As set forth in the Order, I shall use Confidential Material, and the information in that Confidential Material, solely for the purpose of this litigation, and for no other purpose and in no other case.  I shall not disclose Confidential Material or the information in that Confidential Material except as permitted in the Order.

3.     I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the enforcement of these agreements and the Order.

Executed this _____ day of _____.

_____
[Signature]

_____
[Type or Print Name]

ORDER GOVERNING DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

(g)     experts or consultants retained by such Counsel to assist in the prosecution, defense, or settlement of this action and their respective employees associates or colleagues;

(h)     employees of firms engaged by the parties for purposes of photocopying, electronic imaging or litigation support in connection with this litigation; or

(i)     such other persons as may be designated by written agreement of Counsel by order of the Court.

7.     Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is identified as Attachment A, above;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" that is identified as Attachment A above;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is identified as Attachment A above;

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and,

(f)     Designated House or General Counsel of the Receiving Party (no more than 2 persons), (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound."

8.      Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 6(f) through 6(i) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A." Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order. Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 6(f) through 6(i) shall be responsible for retaining the executed originals of all such Confidentiality Agreements

9.      Unless otherwise directed by the Court presiding over this action, any party who files a motion, pleading or other court submission that contains or attaches Confidential Material must file a Motion or Application under seal or for *in camera* review pursuant to Local Rule 79-5.

10.     If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall request the return of the Confidential Material including all copies thereof, and notify the party who produced the Confidential Material of the disclosure.

11.     Nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process or the process of any governmental agency, including any lawfully issued "subpoena, notice to appear or" like notice. If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other formal request seeking Confidential Material, such person shall promptly (not more than three (3) business days after receipt of such process or notice) notify the Designating Party of such process or request, before disclosing the Confidential Material pursuant to any lawfully issued compulsory process.

12.     Counsel for any deponent or party may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the court reporter shall separately bind such testimony and exhibits in a transcript

ORDER GOVERNING DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

bearing the legend "Confidential- Subject to Order Governing the Designation and Handling of Confidential Materials" on the cover page.  Failure of Counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits.  Upon receipt of the transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as confidential within thirty (30) days after receipt of the transcript. Until Counsel for the deponent or party designates the transcript or exhibits as Confidential any other party shall be entitled to treat the transcript or exhibits as non-confidential material.

13.     No one may attend any portion of a deposition or review the transcripts of the portions of any depositions at which Confidential Material is shown or discussed other than those persons designated in paragraph 6 and outside counsel for any non-party deponent (who shall first sign the Confidentiality Agreement).

14.     A party or other person objecting to designation of any document(s) or material(s) as Confidential Material shall comply with the provisions of Local Rule 37 in addressing the issue, which entails, namely: (1) sending a meet and confer letter to the designating party pursuant to Local Rule 37-1; (2) conducting a meet and confer within ten (10) days of the objecting party serving the meet and confer letter; and, (3) if the meet and confer does not resolve the dispute, then the procedures of Local Rule 37-2 and 37-3 shall govern resolution of the dispute.

15.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

ORDER GOVERNING DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Material.

16.     If any Confidential Material is inadvertently provided to a discovering party without being marked as Confidential in accordance with paragraph 2 of this Order, the producing party may thereafter designate such materials as confidential and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality.  Until the material is designated as Confidential by the Designating Party; however, the discovering party shall be entitled to treat the material as non-confidential. When the material is designated as Confidential, the discovering party shall take prompt steps to assure that the material is marked as Confidential or returned to the Designating Party for Confidential designation

ORDER GOVERNING DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

pursuant to paragraph 2 of this Order. The cost, if any, for gathering and/or marking this material as Confidential shall be borne by the Designating Party.

17.     Within sixty (60) days of final termination of this lawsuit, including all appeals, (whether by judgment, settlement or otherwise) all materials produced by a party that contain Confidential Material shall be destroyed or returned to Counsel for the Designating Party. Such destroyed or returned materials shall not include the notes or work product of counsel for the parties, expert witnesses or consultants or investigators or agents thereof.  Counsel for each such party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance, and shall disclose the names of all persons to whom Confidential Material was disclosed. Each consultant or expert who received any Confidential Material shall also certify in writing that this Stipulation has been complied with, and such certifications shall be provided to Counsel for the Designating Party upon termination of this lawsuit.

18.     No party receiving documents or materials designated as "Confidential Material," shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

19.     Nothing contained in this Order shall be a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

      IT IS SO ORDERED.

DATED: <u>December 20, 2012</u>

                              Hon. Jean P. Rosenbluth
                              United States District Court Judge

ORDER GOVERNING DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS